GEORGE W. SWEPSON v. JOSIAH TURNER.

*Officers of State -- Salaries exempt from attachment.*

The salaries of the officers and the pay of the employees of the State are not subject to any judicial process at the instance of creditors.

Civil Action, tried at June Term, 1876, of Wake Superior Court, before *Watts, J.*

The plaintiff recovered a judgment against the defendant for $1,368. An execution was issued and returned *nulla bona.* Thereupon a Supplemental Proceeding was instituted and the judgment debtor ordered to appear before E. R.

Stamps, Esq., who had been appointed Referee by the Court. On the 25th of November, 1876, the Referee reported that the amount due the defendant by the State for services rendered as Public Printer was about $500 and that several hundred dollars additional would be due on the 17th day of December, 1876, at which time the contract, entered into between the State and defendant, would expire. Upon the return of the report, His Honor made an order appointing G. Rosenthal, Receiver of the funds mentioned therein, and on the 9th of January, 1877, the defendant moved to vacate said order, which motion was overruled and the defendant appealed to this Court

*Messrs. Merrimon, Fuller & Ashe*, for plaintiff.
*Messrs. Moore & Gatling* and *Badger & Devereux*, for defendant.

READE, J. The salaries of the officers and the pay of the employees of the government, are to enable them to serve the government. And their expectations or their rights against the government for payment for services rendered or to be rendered, are not subject to any judicial process at the instance of their creditors. This is so from public policy, else it might be in the power of creditors to embarrass the government. This is so manifest and so well supported by authorities that it is unnecessary to elaborate it. *Buchanan* v. *Alexander*, 4 How. U. S. R. 20. *Bliss* v. *Lawrence*, 58 N. Y. 445. *Bank of Tennessee* v. *Debrell*, 3 Sneed, 379. *Buckly* v. *Eckert*, 3 Penn. 368.

There is error. This will be certified.

PER CURIAM.                    Judgment reversed.